IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-75-BO

| | | |
|---|---|---|
| DEBORAH J. KNUTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on December 18, 2012, at Edenton, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act.

Plaintiff protectively applied for DIB on November 21, 2008, alleging disability beginning May 1, 2007. Her claims were denied initially and on reconsideration. On April 21, 2011, an Administrative Law Judge (ALJ) held a hearing at which plaintiff, her attorney, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ issued a decision on August 16, 2011, finding that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff met the insured status requirements and that she had not engaged in any substantial gainful activity for a twelve month period at step one, the ALJ determined that plaintiff had the following severe impairments: degenerative disk disease of the lumbar spine, fibromyalgia, rotator cuff tendonitis/arthritis, diabetes mellitus, obesity, depression, and anxiety. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity

2

(RFC) to perform light work with additional exertional and non-exertional limitations. At step four, the ALJ found that plaintiff could not perform any past relevant work, but found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled for the period of May 1, 2007, through August 16, 2011.

After reviewing the record and considering the arguments presented at the hearing, the Court finds that a remand of this matter is appropriate. At the administrative hearing, both the ALJ and plaintiff's attorney asked questions of and posed hypotheticals to the VE. Tr. at 93-102. In his decision, however, the ALJ did not address the additional hypothetical limitation he posed to the VE – regarding the number of days an employee can miss work and remain competitive – which if present would eliminate the availability of jobs in the national economy that plaintiff could perform. Tr. at 100-01. A VE's opinion is not relevant or helpful if it is not based on a consideration of all the other evidence in the record and is not in response to a proper hypothetical that fairly sets out a claimant's impairments. *Hines v. Barnhart*, 453, F.3d 559, 566 (2006). Though an ALJ is not required to accept more restrictive hypotheticals posed by a claimant's counsel, *Hammond v. Apfel*, 5 Fed. App'x 101, 105 (4th Cir. 2001) (unpublished) (citation omitted), the Court must assume that the ALJ in including such a limitation in his own hypothetical must have found it relevant to his consideration. However, the ALJ's decision fails to reveal why he choose to reject his own hypothetical that, if applicable, would preclude plaintiff from work. The ALJ thus violated the "duty of explanation [that] is always an important aspect of the administrative charge." *Hammond v. Heckler*, 765 F.2d 424, 426 (1985).

Furthermore, a remand is warranted where there the claimant has demonstrated that there is

3

new, material evidence and there is a good cause for failing to incorporate such evidence in the prior proceeding. *Wilkins v. Sec'y, Dep't of Health & Human Svs.* 953 F.2d 93, 96 n.3 (en banc); 28 U.S.C. § 405(g). As noted by the ALJ, plaintiff was employed as a nurse when she appeared at the hearing. Following the hearing, but prior to the ALJ's decision, plaintiff was taken out of work due to her conditions. Plaintiff presented this evidence to the Appeals Council, which found no reason to review the ALJ's decision and denied her request for review. While the Commissioner is correct to note that such evidence supports the ALJ's finding that plaintiff could not perform her past relevant work as a nurse, because the ALJ specifically relied on the fact that plaintiff was working at the time of her hearing when determining her RFC, Tr. at 23, it would also be appropriate for the ALJ to consider in the first instance the circumstances surrounding plaintiff's discontinuation of work in 2011 to determine the possible effect of that evidence on her ability to perform work at the level previously found.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED, defendant's motion for judgment on the pleadings [DE 27] is DENIED, and this matter is REMANDED to the Commissioner for further proceedings.

SO ORDERED, this ___4___ day of February, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE